Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]
Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK YOUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLANA LABS, INC.; THE SOLANA FOUNDATION; ANATOLY YAKOVENKO; MULTICOIN CAPITAL MANAGEMENT LLC; KYLE SAMANI; and FALCONX LLC,<br><br>Defendants. | Case No. 3:22-cv-03912-JD<br><br>**NOTICE OF MOTION AND MOTION OF MOVANT MOHAMMED RASHID FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u><br><br>Judge: James Donato<br>Hearing Date: October 13, 2022<br>Time: 10:00 AM<br>Ctrm: 11 – 19th Floor (San Francisco) |

**PLEASE TAKE NOTICE** that on October 13, 2022, at 10:00 AM before the Honorable James Donato in the San Francisco Courthouse, Courtroom 11 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, movant Mohammed Rashid ("Movant") will, and does, move this Court for an order granting the Motion: (a) appointing Movant as Lead Plaintiff; and (b) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel.

This Motion is brought pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), on the grounds that: (1) Movant should be appointed as Lead Plaintiff for the class of

1

NOT. OF MTN. AND MTN. OF MOHAMMED RASHID FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-03912-JD

purchasers of Solana Labs, Inc. ("Solana" or the "Company") tokens, which are unregistered securities, issued and sold by Defendants beginning on March 24, 2020, through July 1, 2022 (the "Class Period"), as Movant timely made this Motion, has the largest financial interest and otherwise satisfies the pertinent requirements of Federal Rules of Civil Procedure 23; and (2) that Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel should be approved as the firm is well-qualified with extensive experience in cases of this type.

In support of this Motion, Movant files herewith a memorandum of points and authorities, the Declaration of Laurence M. Rosen, the certification of Laurence M. Rosen pursuant to LR 3-7(d), a certification pursuant to LR 3-15, and a proposed order.

2

NOT. OF MTN. AND MTN. OF MOHAMMED RASHID FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-03912-JD

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Mohammed Rashid ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 27 of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased Solana Labs, Inc. ("Solana" or the "Company") tokens ("SOL securities" or "SOL"), which are unregistered securities, issued and sold by Defendants beginning on March 24, 2020, through July 1, 2022 (the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2)     appointing The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I.     CLAIMS ASSERTED

This action was commenced on July 1, 2022 in the United States District Court for the Northern District of California against Defendants for claims under §§ 5, 12(a)(1) and 15 of the Securities Act. That same day, a PSLRA early notice was issued advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Defendant Solana is a Delaware corporation having a principal place of business at 645 Howard Street, San Francisco, California 94105. Solana Labs created the Solana blockchain network ("Solana Blockchain") upon which decentralized apps ("dApps") are built. Such decentralized apps include the development of non-fungible tokens ("NFTs") and decentralized finance ("DeFi") applications. In 2021, there was a significant increase of NFTs that were "minted" on Solana's blockchain.

Solana Labs had its first public sale of SOL securities in a "Dutch Auction" held in March 2020, which was tantamount to an Initial Coin Offering ("ICO"). SOL securities began publicly trading in March and April 2020 and have been offered on exchanges based in the United States since then.

3

NOT. OF MTN. AND MTN. OF MOHAMMED RASHID FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-03912-JD

Since April 2020, funded by the proceeds they made through their ICO, Defendants have spent vast sums of money promoting SOL securities throughout the United States. As a result of these promotional efforts, SOL securities reached a peak price of $258 per token, with a market capitalization of more than $77 billion, on November 5, 2021. These promotional efforts took SOL securities from a relatively obscure crypto-asset to one of the top crypto-assets in the world.

During the class period, Defendants have made deliberately misleading statements concerning the total circulating supply of SOL securities. For example, on April 28, 2020, Yakovenko, published a written statement noting that the oversupply of tokens was the result of Solana Foundation agreeing to lend a market maker 11,365,067 tokens for a six-month period. Yakovenko admitted: "[Solana] did not disclose this information to the public, as well as the size and nature of the loan, during the CoinList auction and subsequent Binance listing." Yakovenko further stated that "we plan to reduce the circulating supply by removing the 11,365,067 supply from the market within the next 30 days. After removing the supply, we aim to burn the tokens." This did not happen. Instead, Solana "only recalled about 3.3 million tokens and the rest hit the market."

The value of SOL securities has been tied to the perceived strength and reliability of its underlying blockchain. Indeed, Solana made such representations to the public regarding the purported strength and reliability of its blockchain network. Solana's website asserts that SOL is "decentralized and unstoppable."

Contrary to Defendants' public representations, however, SOL is not decentralized, because company insiders hold a substantial percentage of them. As of May 2021, insiders held 48% of the SOL supply. The network is thus highly centralized.

Solana's blockchain network is also prone to devastating outages. For example, in December 2020, the Solana network was out for five (5) hours. In September 2021, the Solana network was out for eighteen (18) hours. After the latter outage, Solana had to restart its blockchain. Solana experienced twelve (12) serious outages in 2022, with the June 1, 2022, outage causing a 12% dip in value to SOL securities. These outages continue to result in major losses for network users and have also caused the trading value of SOL to fall dramatically.

4

NOT. OF MTN. AND MTN. OF MOHAMMED RASHID FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-03912-JD

The Solana blockchain network is also prone to network congestion further degrading the reliability of the blockchain network. In January 2022, high network congestion on the Solana network caused DeFi users to have their positions liquidated.

Multicoin Capital Management LLC and Kyle Samani (collectively, the "Multicoin Defendants") relentlessly promoted SOL securities, after purchasing them for $0.40 in 2019 when Multicoin led Solana's "Series A" offering. Samani and Multicoin continuously flogged SOL securities, inflating its market price from below a dollar to hundreds of dollars, persisting in their promotional efforts even after it was clear that Solana had serious outages and technical issues.

The Multicoin Defendants offloaded millions of dollars of SOL securities on retail investors such as Movant and profited handsomely from their promotion of unregistered SOL securities. To offload the SOL securities, they have used OTC trading desks such as FalconX to act as a broker for the sale of substantial sums of SOL securities.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of SOL securities, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.  MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities Act. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

5

NOT. OF MTN. AND MTN. OF MOHAMMED RASHID FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-03912-JD

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the above criteria, having the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Movant timely filed the instant motion in response to a PSLRA early notice, and filed herewith a PSLRA certification attesting that Movant is willing to serve as a representative of the Class and is willing to provide testimony at deposition and trial, if necessary. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). While the PSLRA does not specify precisely how to calculate the "largest financial interest," the movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $9,853.10 in connection with Movant's purchases of SOL securities pursuant and/or traceable to Solana's ICO. *See* Rosen Decl., Ex. 3 (Movant's Loss Chart). Movant is not aware of any other movant that has suffered greater losses in SOL securities pursuant and/or traceable to the Company's ICO. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Federal

Rules of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and Movant's claims are typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Securities Act by publicly disseminating false and misleading statements about Solana and its business. Movant, as did all of the members of the Class, purchased SOL securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other Class members, and Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

**D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

>   (aa) will not fairly and adequately protect the interest of the class; or
>
>   (bb) is subject to unique defenses that render such plaintiff incapable of
>   adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Movant resides in New York, where he works as a pharmacy technician. Movant has an associate degree in telecommunications. Movant has been investing for over 20 years. Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against Movant that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has been actively researching the Class' and the Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation. The Rosen Law Firm, P.A. has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the firm is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experiences in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable it to prosecute this

8

NOT. OF MTN. AND MTN. OF MOHAMMED RASHID FOR APPT. AS LEAD PLAINTIFF & APPROVAL OF COUNSEL; MEMO OF P&A IN SUPPORT THEREOF – 3:22-cv-03912-JD

action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

### III. CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: September 6, 2022.                    Respectfully submitted,

                                      **THE ROSEN LAW FIRM, P.A.**

                                      /s/Laurence M. Rosen
                                      Laurence M. Rosen, Esq. (SBN 219683)
                                      355 South Grand Avenue, Suite 2450
                                      Los Angeles, CA 90071
                                      Telephone: (213) 785-2610
                                      Facsimile: (213) 226-4684
                                      Email: lrosen@rosenlegal.com

                                      *Counsel for Movant and [Proposed]*
                                      *Lead Counsel for the Class*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On September 6, 2022 I electronically filed the following **NOTICE OF MOTION AND MOTION OF MOVANT MOHAMMED RASHID FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on September 6, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen