Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for
Movant and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK YOUNG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLANA LABS, INC.; THE SOLANA FOUNDATION; ANATOLY YAKOVENKO; MULTICOIN CAPITAL MANAGEMENT LLC; KYLE SAMANI; and FALCONX LLC,<br><br>Defendants. | No. 3:22-cv-03912-JD<br><br>**OPPOSITION OF MOHAMMED RASHID TO COMPETING LEAD PLAINTIFF MOTION**<br><br>CLASS ACTION<br><br>Judge: James Donato<br>Hearing Date: October 13, 2022<br>Time: 10:00 AM<br>Ctrm: 11 – 19th Floor (San Francisco) |

Movant Mohammed Rashid ("Mr. Rashid") respectfully submits this memorandum in opposition to the competing lead plaintiff motion. Dkt. No. 33.

**I.   INTRODUCTION**

Under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001); 15 U.S.C. §78u-4(a)(3)(B).

1
OPPOSITION OF MOHAMMED RASHID TO COMPETING LEAD PLAINTIFF MOTION — 3:22-cv-03912-JD

Competing movant Mark Young ("Mr. Young") has failed to trigger the PSLRA's "most adequate plaintiff" presumption. Despite alleging larger losses than Mr. Rashid, Mr. Young has not made the initial showing of Rule 23 adequacy and typicality required to trigger the most adequate plaintiff presumption under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. § 77z-1(a)(3)(B)(iii). It is critical to note that courts determining the most adequate lead plaintiff do not merely perform a rote mathematical calculation of comparing alleged losses. Numerical loss is only the first step in the process. The second step is analyzing a proposed lead plaintiff's typicality and adequacy under Rule 23.

Mr. Young's selection of Roche Freedman LLP ("Roche Freedman") as counsel, in light of the recent controversy surrounding said firm, indicates either an inability or unwillingness to oversee the litigation. Therefore, Mr. Young has failed to make the initial showing of Rule 23 adequacy. Mr. Rashid, on the other hand, has losses stemming from unregistered Solana securities and has made the initial showing of adequacy and typicality. Therefore, he is the most adequate plaintiff under the PSLRA and should be appointed lead plaintiff.

**ARGUMENT**

**II.    MR. YOUNG IS INADEQUATE**

    **a.   Roche Freedman's Involvement Endangers the Entire Class**

Mr. Young is inadequate for selecting counsel with substantial issues which are specifically at issue in this case. Roche Freedman and named partner Kyle Roche are subject to intense scrutiny in crypto cases like this one.[1]

On August 26, 2022 (and updated August 31, 2022), *Crypto Leaks* released a report entitled "Ava Labs (Avalanche) attacks Solana & cons SEC in evil conspiracy with bought law firm, Roche Freedman" (the "Report")[2], attached as Exhibit A to Declaration of Laurence M. Rosen ("Rosen Decl."), filed herewith. According to the Report, Kyle Roche and his firm

---

[1] This issue is in addition to the ongoing litigation surrounding a founding member of the law firm Roche Cyrulnik Freedman LLP which also, in part, relates to crypto assets. *See Roche Cyrulnik Freedman LLP v. Jason Cyrulnik*, case no. 1:21-cv-1746 (S.D.N.Y.); *Cyrulnik v. Roche*, case no. 2021-005837-CA-01 (Fla.Cir.Ct.); and *Kyle Roche et al. v. Jason Cyrulnik*, case co. 3D21-1741 (Fla. 3d DCA).

[2] https://cryptoleaks.info/case-no-3; https://web.archive.org/web/20220902154151/https://cryptoleaks.info/case-no-3.

2
OPPOSITION OF MOHAMMED RASHID TO COMPETING LEAD PLAINTIFF MOTION — 3:22-cv-03912-JD

entered into a secret pact with blockchain company Ava Labs whereby Kyle Roche and his firm would pursue class action litigation against competing blockchain companies. Through these suits, Kyle Roche would damage and distract Ava Labs' and its token AVAX's competitors, lure federal authorities to focus on Ava Labs' and AVAX's competitors, gain insight into Ava Labs' and AVAX's competitors through discovery, and generally protect and grow his large stake in Ava Labs and AVAX through litigation—specifically securities class actions. Not surprisingly, Kyle Roche, in a video in the Report, also made disparaging remarks about class members in general by referring to them as "100,000 idiots out there."

In the wake of these revelations, Kyle Roche has withdrawn as counsel in numerous crypto class actions, many of which are in this Court, including the instant action. *See*, Dkt. No. 28; *see also*, *Lockhart v. BAM Trading Services Inc. (Binance U.S.), et al*., case no. 3:22-cv-03461-JSC (N.D. Cal.), Dkt. No. 33; *Valenti v. DFINITY USA Research LLC, et al.*, case no. 3:21-cv-06118-JD (N.D. Cal.), Dkt. No. 70; *Jeong v. Nexo Capital Inc., et al.*, case no. 5:21-cv-02392-BLF (N.D. Cal.), Dkt. No. 70; *Hardin and Williams v. TRON Foundation, et al.*, case no. 1:20-cv-02804-VSB (S.D.N.Y.), Dkt. No. 88; *Anderson, et al. v. Binance, et al.,* case no. 1:20-cv-02803-ALC (S.D.N.Y.), Dkt. No. 80. In another case, Roche Freedman has filed a motion to withdraw its representation of the class due to "recent restructuring of its class action practice group, the press of its current business, and the early stage of this litigation, the firm seeks leave to withdraw from this case." *Williams v. Block.One, et al.*, case no. 1:20-cv-02809-LAK (S.D.N.Y.), Dkt. No. 154.

Kyle Roche's withdrawals have also faced unique issues. In *In re Tether and Bitfinex Crypto Asset Litigation*, case no. 1:19-cv-09236-KPF (S.D.N.Y.), Dkt. Nos. 229-232, the defendants have filed letters in response to his withdrawal which raise the same issues which defendants undoubtedly will here because of the Report—including risks that Roche Freedman and Kyle Roche would use confidential discovery material for financial gain on the part of Ava Labs and AVAX. Rosen Decl. Exs. B and C.

And although Kyle Roche withdrew as counsel from this case, the firm, Roche Freedman, remains as counsel. *See*, Dkt. No. 28 ("Any and all future CM/ECF notifications

should remain directed towards Velvel Freedman, Edward Normand, Stephen Lagos, and Ivy Ngo, attorneys of record for Plaintiff Mark Young."). Given Roche Freedman's continued participation in this action, including named partner Velvel Freedman[3], Defendants may turn the focus of the litigation away from issues common to the class and focus on Roche Freedman's involvement in the case.

Lastly, in another crypto case, Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace"), Roche Freedman's co-counsel in the instant case, has expressed "that Roche Freedman's continued involvement in [that] litigation is not in the best interests of the class." *In re Tether*, Dkt. No. 234 at 1. Yet in this case, Schneider Wallace has taken a conflicting position, allowing Roche Freedman to remain counsel. No explanation is provided as to this conflicting position.

### b. Mr. Young Has Failed to Oversee Counsel

Mr. Young's selection and continued retention of counsel demonstrates his inadequacy. *In re Quintus Sec. Litig.*, 201 F.R.D. 475, 482 (N.D. Cal. 2001) ("if a representative plaintiff does not select competent counsel, he cannot meet the adequacy requirement of FRCP 23 and the PSLRA."). Despite the now-widely publicized scandal surrounding Kyle Roche and Roche Freedman, Mr. Young has failed to provide any explanation as to his selection of counsel in light of recent events, Roche Freedman's future involvement in this case, and what relationship, if any, he has with Kyle Roche and/or Roche Freedman.

\*   \*   \*

In contrast to Mr. Young, Mr. Rashid has triggered the lead plaintiff presumption. Mr. Rashid lost $9,853.10. He lives in New York, where he works as a pharmacy technician. Mr. Rashid earned an associate degree in telecommunications and has been investing for over 20

---

[3] Velvel Freedman, under the agreement with Ava Labs, was to receive 32% of AVAX tokens given to Roche Freedman: https://d33wubrfki0l68.cloudfront.net/319440ddc242d8567d7c1f244543d1629aff0b6b/d18f2/img/roche-freedman-avax.jpeg (last visited September 20, 2022). Although the Report does not allege any misconduct by Velvel Freedman, his continued interest in AVAX tokens should have precluded him from continuing to participate in this and other crypto litigations. That Roche Freedman did not volunteer this information, nor remove Velvel Freedman voluntarily from this litigation, is concerning.

years. Mr. Rashid has no issues relating to his adequacy and typicality and has triggered the lead plaintiff presumption and should be appointed lead plaintiff.

Here, Mr. Rashid selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. As demonstrated in its opening papers (Dkt. No. 29, at 8-9), Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As such, the Court should grant Mr. Rashid's selection of Rosen Law as Lead Counsel.

## V. CONCLUSION

For the foregoing reasons, Mr. Rashid respectfully request that the Court issue an Order: (1) appointing Mr. Rashid as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing Lead Plaintiff Motion.

Dated:   September 20, 2022             Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

 /s/ Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for
Movant and the Class*

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On September 20, 2022, I electronically filed the following **OPPOSITION OF MOHAMMED RASHID TO COMPETING LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on September 20, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen