Todd M. Schneider (SBN 158253)
Matthew S. Weiler (SBN 236052)
Sunny Sarkis (SBN 258073)
Mark F. Ram (SBN 294050)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
TSchneider@schneiderwallace.com
MWeiler@schneiderwallace.com
MRam@schneiderwallace.com

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
300 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Telephone: (415) 421-7100
JKim@schneiderwallace.com

# THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK YOUNG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOLANA LABS, INC.;<br>THE SOLANA FOUNDATION;<br>ANATOLY YAKOVENKO; MULTICOIN CAPITAL MANAGEMENT LLC; KYLE SAMANI; and FALCONX LLC,<br><br>Defendants. | Case No. 3:22-cv-03912-JD<br><br>**OPPOSITION TO MOHAMMED RASHID'S MOTION FOR LEAD PLAINTIFF AND FOR APPOINTMENT OF LEAD COUNSEL**<br><br>HEARING DATE: October 13, 2022<br>TIME: 10:00 A.M.<br>COURTROOM: 11<br><br>**HONORABLE JUDGE JAMES DONATO** |

Proposed lead plaintiff Mark Young ("Mark Young" or "Movant") respectfully submits this memorandum of law in opposition to the competing motion for appointment as Lead Plaintiff and for appointment as Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").

## I. INTRODUCTION

Presently pending before this Court are two lead plaintiff motions filed by investors in SOL cryptocurrency: (1) Mark Young (Dkt. No. 33); and (2) Mohammed Rashid (Dkt. Nos. 29 and 30). Of these movants, Mark Young is presumptively the "most adequate plaintiff" under the standards established by the PSLRA, and he should be appointed as Lead Plaintiff in this action. With losses in in the approximate amount of $117,696.82, Movant has a substantially larger financial interest than Mr. Rashid. In addition, Young easily satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), thereby justifying his appointment as Lead Plaintiff.

With Mark Young qualifying for the presumption as the "most adequate plaintiff under the PSLRA," Mr. Rashid may rebut that presumption only with proof that Young is unable to adequately represent the class. This he cannot do. To be sure, Mr. Rashid cannot legitimately contend that Young will not fairly and adequately protect the interests of the class of injured SOL holders or that he is subject to unique defenses that render him incapable of adequately representing the class. Accordingly, pursuant to the standards established by the PSLRA, Mark Young should be appointed Lead Plaintiff in this action, and its selected counsel, Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace") should be approved as Lead Counsel.

## II. ARGUMENT

### a. Legal Standard

The selection of lead plaintiff and approval of lead counsel must comply with the requirements of the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA"). The PSLRA provides that "the court shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of the class members." 15 U.S.C. § 78u-4(a)(3)(B)(I).

Through a three-step process, the PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* at § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (recognizing that the "'most capable' plaintiff -- and hence the lead plaintiff -- is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.").

The selection process begins once the first plaintiff files an action and publicizes the pendency of the action, the claims made, and the purported class period. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). The PSLRA is unequivocal and allows for no exceptions. *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 454-55 (S.D. Tex. 2002); *see also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999). "The plain language of the statutes precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed after the sixty (60) day window has closed." *Id.* The intent of the provisions is to ensure that the lead plaintiff is appointed at the earliest possible time and to expedite the lead plaintiff process. *Id.* at 818-19. Thus, filing the complaint or a timely motion is the threshold requirement to serve as lead plaintiff.

The second factor requires the court to choose the plaintiff "who has the greatest financial stake in the outcome of the case." *Cavanaugh*, 306 F.3d at 729. The PSLRA imposes a rebuttable presumption that the most capable plaintiff is the class member with the largest financial interest in the relief sought by the class. *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 584 (N.D. Cal. 1999). This determination is made by comparing the financial stakes of the various plaintiffs through "accounting methods that are both rationally and consistently applied" to establish which one has the most to gain from the lawsuit. *Id.* at 730. Once such a plaintiff is identified, the PSLRA dictates that the Court evaluate whether that plaintiff satisfies the requirements of Rule 23(a). *Id.*

Courts in the Northern District of California consider the *Lax* factors when identifying which movant has the largest financial interest: "(1) the number of shares purchased during the class period;

(2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-cv-04003 LHK, 2012 U.S. Dist. LEXIS 2776, at *11 (N.D. Cal. Jan. 9, 2012) (citing *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 12432, at *18 (N.D. Ill. Aug. 11, 1997)).

Rule 23(a) requires that the plaintiff must assert claims or defenses that are typical of the claims or defenses of the class and the court must find that the representative parties will fairly and adequately protect the interests of the class. *Cavanaugh*, 306 F.3d at 730 n.5 (citing Fed. R. Civ. P. 23(a)). Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor. *Cf. In re Microstrategy Inc. Secs. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000).  Typicality is achieved where the named plaintiff's claims arise from the same event or course of conduct that gives rise to the claims of the other class members and the claims are based on the same legal theory. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *see also Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). The plaintiff with the largest financial stake in the controversy, who satisfies the typicality and adequacy requirements, is presumed to be the most adequate plaintiff. *Cavanaugh*, 306 F.3d at 730.

The third step of the process is to "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 730. The presumption of adequacy may be rebutted upon proof that the presumptively most adequate individual or entity does not satisfy Rule 23's requirements. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 729 n.2. If the presumption is defeated, then the court must turn to the plaintiff with the next highest financial stake in the litigation and start the process over, repeating it sequentially until all challenges have been exhausted.

### b. Mark Young is the Presumptive Lead Plaintiff.

"The first step establishes as presumptive lead plaintiff the 'person or group of persons' who meet(s) the following three criteria: (1) the candidate must have 'filed the complaint or made a motion in response to a notice;' (2) the candidate must have 'the largest financial interest in the relief sought by the class,' and (3) the candidate must 'otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343-44 (S.D.N.Y. 2009); *see also Cavanaugh*, 306 F.3d 728-30.  Mark Young is the only movant who satisfies all foregoing criteria.

### i. Mark Young Timely Filed His Motion for Lead Plaintiff.

On July 6, 2022, Movant published notice of the pendency of this action. Dkt. No. 20-1.  On August 24, 2015, in response to the notice, and within the 60-day deadline established by the PSLRA, Mark Young timely filed a motion for appointment as lead plaintiff. Dkt. No. 33. Moreover, Young signed and submitted a certification under penalty of perjury, attesting that he is willing to represent the class. Dkt. No. 1.

### ii. Mark Young Has the Largest Financial Interest Among the Competing Movants.

"The PSLRA does not define the term 'largest financial interest' nor provide a method for determining which plaintiff has the largest financial interest in the relief sought by the class." *Vladimir v. Bioenvision*, No. 07 Civ. 6416 (SHS) (AJP), 2007 U.S. Dist. LEXIS 93470, at *14 (S.D.N.Y. Dec. 26, 2007). Nonetheless, courts recognize that "the approximate loss suffered during the class period . . . [is] the most important factor in determining who should be the lead plaintiff." *Id.* at *16; *In re Facebook, Inc., IPO, Sec. & Deriv. Litig.*, 288 F.R.D. 26, 36 (S.D.N.Y. 2012) (in determining the largest financial interest, "courts have consistently held that . . . the magnitude of the loss suffered is the most significant" factor).

Although the Ninth Circuit has not yet endorsed a specific method to calculate the largest interest, it has provided guidance. Specifically, it requires "the district court [to] compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Cavanaugh*, 306 F.3d at 730 & n.4 (emphasis added). This strongly implies that the second method, tying the "loss" to the amount that can be "gain[ed] from the lawsuit," is the preferred method. *See,*

*e.g.*, *Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 U.S. Dist. LEXIS 16813, at *19 (N.D. Cal. Feb. 15, 2011) ("[w]hat a plaintiff has to gain from a lawsuit is much more directly tied to what a plaintiff can recover from that lawsuit than what a plaintiff may have lost trading in the stock that is the subject of that lawsuit"); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 U.S. Dist. LEXIS 64633, at *12 (N.D. Cal. Aug. 22, 2008) ("no reason to include losses in its calculations that would later be considered uncompensable"); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 2d 993, 997 (N.D. Cal. 1999) ("[o]ne's 'interest' in a litigation is rather directly tied to what one might recover").

As reflected in the following table, Mark Young's claimed losses are more than eleven (11) times greater than the claimed losses of Mr. Rashid:

| Movant | Reported Losses |
|---|---|
| Mark Young | $117,696.82 |
| Mohammed Rashid | $9,853.10 |

Accordingly, Mark Young has the largest financial interest of any movant before the Court.

### iii. Mark Young Purchased SOL Tokens Before Any Blockchain Outages Occurred.

The Class Period in this case begins on March 24, 2020 and continues through the present date. Compl., ¶ 1. Mark Young purchased SOL tokens on August 19, 2021; August 31, 2021; September 3, 2021; September 4, 2021; September 8, 2021; and September 9, 2021, before the first major blockchain outage on September 14, 2021, and before the twelve (12) major blockchain outages which occurred in 2022. Compl., ¶ 10. Therefore, no argument may be made that Mark Young purchased SOL tokens despite truths on the market, as he purchased before blockchain outages manifested.

To the contrary, Mohammed Rashid purchased SOL tokens on December 23, 2021, after the first major blockchain outage, which occurred on September 14, 2021. Compl., ¶ 10.

Given the foregoing, Mark Young not only has the largest financial interest of any movant before the Court, but he likewise faces no challenges regarding the timing of his purchases or sources of his damages at this stage of the case.

### iv. Mark Young Otherwise Satisfies Federal Rule 23.

"At the lead plaintiff stage of the litigation, in contrast to the class certification stage, a lead plaintiff movant need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Tronox*, 262 F.R.D. at 344; *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). In his initial motion, Mark Young demonstrated that he satisfies the prerequisites of Rule 23, as required by the PSLRA.

More specifically, Mark Young satisfies Rule 23(a)(3)'s typicality requirement because his claims, like the claims of every other class member, are premised on defendants' dissemination of false and misleading public statements regarding SOL tokens. Movant, like all members of the Class, purchased SOL tokens at artificially inflated prices due to Defendants' misrepresentations and omissions, and he was damaged thereby. *See Albert Fadem Trust*, 239 F. Supp. 2d at 347-48 ("Pompano's claims are typical of the class because its claims and injuries allegedly arise from the same course of conduct as that from which claims of the other class members arise. Pompano's members purchased Citigroup securities on the open market during the class period; at prices alleged to have been artificially inflated by the materially false and misleading statements issued by Defendants; and suffered damages thereby.").

In addition, Mark Young satisfies Rule 23(a)(4)'s adequacy requirement because his interests do not conflict with the interests of any other class member, and it has retained experienced counsel to vigorously prosecute this action on behalf of the class. *See Albert Fadem Trust*, 239 F. Supp. 2d at 348 ("The adequacy of representation component of Rule 23 is also satisfied for this purpose by Pompano, as there is no indication or evidence of conflict of interest between members of the Pompano and members of the purported class, it has obtained qualified and experienced counsel, and it has a significant interest in the outcome in the litigation so as to ensure vigorous prosecution of the case."). Accordingly, because Mark Young timely filed his motion, has the largest financial interest of the competing movants, and otherwise satisfies Rule 23, Mark Young is the presumptive lead plaintiff in this action.

### c. Mohammed Rashid Cannot Rebut Mark Young's Presumptive Lead Plaintiff Status.

"Once the presumptive lead plaintiff has been designated, the court conducts a second inquiry in which members of the class have the opportunity to rebut the chosen lead plaintiff's presumptive status." *Tronox*, 262 F.R.D. at 344. In this inquiry, the court may consider proof that "the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Id.*

Here, there is no evidence demonstrating that Mark Young fails to satisfy the typicality or adequacy requirements of Rule 23. *Lako v. Loandepot, Inc.*, No. 8:21-cv-01449-JLS-JDE, 2022 U.S. Dist. LEXIS 79063, at *22 (C.D. Cal. May 2, 2022) (quoting *In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021) ("competing movants must point to *evidence* of inadequacy," and they "must convince the district court that the presumptive lead plaintiff would not be adequate, not merely that the district court was wrong in determining that the *prima facie* elements of adequacy were met.") Accordingly, because Mr. Rashid cannot rebut the presumption favoring Mark Young, the Court should appoint Mr. Young as Lead Plaintiff for the class. *Albert Fadem Trust*, 239 F. Supp. 2d at 348 ("Having received no evidence sufficient to rebut this presumption, the Court hereby grants Pompano's motion for appointment of lead plaintiff.").

### d. The Court Should Approve of Movant's Selection of Lead Counsel.

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). In this regard, Mark Young has selected Schneider Wallace to serve as Lead Counsel. Mark Young does not expect any of the competing movants to challenge the qualifications of Schneider Wallace to vigorously prosecute this action.

### III. CONCLUSION

For all the foregoing reasons, Mark Young respectfully requests that the Court: (i) grant his motion for appointment of Lead Plaintiff and approval of his selection of Lead Counsel; (ii) deny the competing motion for appointment of Lead Plaintiff filed by Mohammed Rashid; and (iii) grant such other relief as the Court may deem just and proper.

Dated: September 20, 2022

Respectfully submitted,

*/s/ Matthew S. Weiler*
Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
Matthew S. Weiler (SBN 236052)
Sunny S. Sarkis (SBN 258073)
Mark F. Ram (SBN 294050)

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
TSchneider@schneiderwallace.com
MWeiler@schneiderwallace.com
SSarkis@schneiderwallace.com
MRam@schneiderwallace.com

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
300 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Telephone: (415) 421-7100
JKim@schneiderwallace.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court, Northern District of California, by using the Court's CM/ECF system on September 20, 2022.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.

/s/ Matthew S. Weiler
Todd M. Schneider (SBN 158253)
Jason H. Kim (SBN 220279)
Matthew S. Weiler (SBN 236052)
Sunny S. Sarkis (SBN 258073)
Mark F. Ram (SBN 294050)

**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
TSchneider@schneiderwallace.com
MWeiler@schneiderwallace.com
SSarkis@schneiderwallace.com
MRam@schneiderwallace.com

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE COTTRELL KONECKY LLP**
300 S. Grand Avenue, Suite 2700
Los Angeles, CA 90071
Telephone: (415) 421-7100
JKim@schneiderwallace.com