Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for
Plaintiff and the Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK YOUNG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> SOLANA LABS, INC.; THE SOLANA FOUNDATION; ANATOLY YAKOVENKO; MULTICOIN CAPITAL MANAGEMENT LLC; KYLE SAMANI; AND FALCONX LLC, <br><br> Defendants. | No. 3:22-cv-03912-JD <br><br> **REPLY MEMORANDUM OF MOHAMMED RASHID IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** <br><br> <u>CLASS ACTION</u> <br><br> Judge: James Donato <br> Hearing Date: October 13, 2022 <br> Time: 10:00 AM <br> Ctrm: 11 – 19th Floor (San Francisco) |

Mohammed Rashid ("Movant" or "Mr. Rashid") respectfully submits this reply memorandum in further support of his lead plaintiff motion. Dkt. No. 29.

**I.   PRELIMINARY STATEMENT**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff" is the movant with the "largest financial interest" in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Despite claiming larger losses, competing movant Mark Young ("Mr.

1

Young") failed to trigger the "most adequate plaintiff presumption" under the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Mr. Young's choice of Roche Freedman LLP ("Roche Freedman") as counsel, and the failure to dismiss Roche Freedman as counsel, is concerning.  Roche Freedman is in the midst of a cryptocurrency scandal, accused of gaming the legal system to illegally benefit Ava Labs and AVAX tokens.  A representative that does not select competent counsel does not meet the adequacy requirement.  *In re Quintus Sec. Litig.*, 201 F.R.D. 475, 482 (N.D. Cal. 2001) ("if a representative plaintiff does not select competent counsel, he cannot meet the adequacy requirement of FRCP 23 and the PSLRA.").

Additionally, the timing of Mr. Rashid's purchases of the unregistered Solana tokens is of no import in this case.  The complaint alleges numerous partial disclosures – or events that could or should constitute partial disclosures – and purchasing after one partial disclosure but prior to the final disclosure has been found to not be an issue.  *In re Semtech Corporation Securities Litigation*, 2008 WL 11333471, at *13 (C.D. Cal. 2008) ("Lastly, the fact that plaintiff purchased Semtech stock after Semtech's partial disclosures does not undermine its showing of reliance as a matter of law.")

In contrast to the inadequate Mr. Young, Mr. Rashid suffers no issues to his adequacy or typicality.  As the sole remaining movant, Mr. Rashid should be appointed lead plaintiff.

**ARGUMENT**

**II.    MR. YOUNG IS INADEQUATE**

As discussed in Mr. Rashid's opposition, Dkt. No. 41, Mr. Young's counsel, Roche Freedman, and in particular named partner Kyle Roche, face intense scrutiny in crypto cases like this one.  Kyle Roche is alleged to have a pact with Ava Labs, whereby Kyle Roche and his firm would pursue class action litigation against competing blockchain companies.  Through these lawsuits, Kyle Roche sought to undermine competing blockchain companies while giving Ava Labs access to competitors' secrets obtained via discovery.

In light of these accusations, Kyle Roche has withdrawn as counsel from numerous cases, including this one.  Dkt. No. 28.  However, the firm Roche Freedman remains as

counsel, including named partner Velvel Freedman, who also was alleged to have benefitted from the Ava Labs pact and hold Ava Labs' AVAX tokens.

Schneider Wallace Cottrell Konecky LLP ("Schneider Wallace"), in another case where they serve as co-counsel with Roche Freedman, has expressed "that Roche Freedman's continued involvement in [that] litigation is not in the best interests of the class." *In re Tether and Bitfinex Crypto Asset Litigation*, case no. 1:19-cv-09236-KPF (S.D.N.Y.), Dkt. No. 234 at 1. Yet in this case, Schneider Wallace has taken a conflicting position, allowing Roche Freedman to remain counsel. No explanation is provided as to this conflicting position.

Roche Freedman's continuing role as counsel to Mr. Young and Schneider Wallace's silence as to what role, if any, Roche Freedman will play in this litigation going forward is troubling. Roche Freedman's presence in this case threatens to turn the focus of the case away from the common claims of the class. Mr. Young has failed to trigger the "most adequate plaintiff" presumption. Mr. Young should not be appointed lead plaintiff.

### III.   MR. RASHID IS PRESUMPTIVELY THE MOST ADEQUATE PLAINTIFF

Mr. Young's contention that he is not subject to a 'truth on the market' defense is a non-issue. Dkt. No. 42, at 5. The initial complaint alleges numerous events that could or should constitute partial disclosures, including the numerous blockchain outages and network congestions. Dkt. No. 1, at 2-3, 9-10. As various courts have held, purchasing securities after a partial disclosure does not undermine reliance as a matter of law. *In re Semtech*, 2008 WL 11333471, at *13; *see also*, *Goldstein v. Puda Coal, Inc.*, 827 F.Supp.2d 348, 355 (S.D.N.Y. 2011) (holding that purchasing shares after a partial disclosure does not render a movant atypical for the purposes of lead plaintiff appointment); *In re Providian Financial Corp. Securities Litigation*, 2004 WL 5684494, at *4-5 (N.D. Cal. 2004) (finding that purchasing shares after a partial disclosure is not sufficient to deny class certification). As such, the fact that Mr. Rashid bought his unregistered Solana securities after the first outage is not the issue that Mr. Young implies it would be.

Mr. Rashid lost $9,853.10. He lives in New York, where he works as a pharmacy technician. Mr. Rashid earned an associate degree in telecommunications and has been

3

investing for over 20 years.  Mr. Rashid has no issues relating to his adequacy and typicality and has triggered the lead plaintiff presumption and should be appointed lead plaintiff.

Mr. Rashid has chosen The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.  As demonstrated in its opening papers (Dkt. No. 29, at 8-9), Rosen Law has the resources and expertise to litigate this action efficiently and aggressively.  As such, the Court should grant Mr. Rashid's selection of Rosen Law as Lead Counsel.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Rashid respectfully request that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel; and (3) denying the competing Lead Plaintiff Motion.

Dated:   September 27, 2022            Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for
Plaintiff and the Class*

4
REPLY MEMORANDUM OF MOHAMMED RASHID IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION —
3:22-cv-03912-JD

**PROOF OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071. I am over the age of eighteen.

On September 27, 2022, I electronically filed the following **REPLY MEMORANDUM OF MOHAMMED RASHID IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing in true and correct.

Executed on September 27, 2022.

/s/ Laurence M. Rosen
Laurence M. Rosen