Todd M. Schneider (SBN 158253)
Matthew S. Weiler (SBN 236052)
Sunny S. Sarkis (SBN 258073)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Email: tschneider@schneiderwallace.com
Email: mweiler@schneiderwallace.com
Email: ssarkis@schneiderwallace.com

Jason H. Kim (SBN 220279)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
300 S. Grand Avenue, Suite 2700
Los Angeles, California 90071
Telephone: (415) 421-7100
Email: jkim@schneiderwallace.com

Srujana Shivji (*Pro Hac Vice*)
**SCHNEIDER WALLACE
COTTRELL KONECKY LLP**
3700 Buffalo Speedway, Suite 960
Houston, Texas 77098
Telephone: (713) 338-2560
Email: sshivji@schneiderwallace.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK YOUNG, | Case No. 3:22-cv-03912-RFL |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | |
| SOLANA LABS, INC., et al., | |
| Defendants. | |

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Lead Plaintiff Mark Young ("Lead Plaintiff") and Defendants Solana Labs, Inc. ("Labs"),

2  Multicoin Capital Management LLC ("Multicoin"), and Kyle Samani ("Samani")[1] respectfully

3  submit this Joint Case Management Conference Statement pursuant to the Court's Order

4  Reassigning Case dated November 27, 2023 (Dkt. No. 62). This matter is subject to the Private

5  Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 77z-1(b)(1), which automatically stays

6  discovery in actions brought under the Securities Act.

7    **I.    DATE FILED**

8    On July 1, 2022, Lead Plaintiff filed the instant class action for violations of Sections 5,

9  12(a)(1), and 15 of the Securities Act and Sections 25110 and 25503 of the California Corporations

10  Code.

11    **II.    PARTIES**

12    a.    Lead Plaintiff is an individual who resides in California. He purchased Solana tokens

13  ("SOL") in August and September 2021.. Compl., ¶ 14.

14    b.    Defendant Labs is a Delaware corporation having a principal place of business at 275

15  Battery Street Suite 300, San Francisco, California 94111. Labs builds products and tools that utilize

16  Solana, a high-performance, permissionless blockchain network based on open-source software. *Id.*

17  at ¶ 15.

18    c.    Defendant Foundation is a non-profit foundation having a principal place of business

19  in Zug, Switzerland.

20    d.    Defendant Yakovenko resides in California. Yakovenko is the CEO and a co-founder

21  of Labs.

22    e.    Defendant Multicoin is a limited liability corporation organized under the laws of

23  Texas and has its main offices located at 501 West Avenue, Suite 3803, Austin, Texas 78701.

24

25  _____

26  [1] Because the Solana Foundation ("Foundation"), Anatoly Yakovenko ("Yakovenko"), and FalconX LLC ("FalconX") have not been served and have not appeared in this case, this statement is not submitted on their behalf. When describing the Complaint's allegations against the served and

27  unserved defendants, Labs, Foundation, Yakovenko, Multicoin, Samani, and FalconX are collectively referred to herein as "Defendants." Lead Plaintiff and Defendants Labs, Multicoin, and

28  Samani are collectively referred to herein as the "Parties."

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1  Multicoin is an SEC-registered investment adviser with assets under management across various

2  hedge funds and venture funds.

3        f.      Defendant Samani is the Managing Partner and a co-founder of Multicoin and is a

4  resident of the state of Texas.

5        g.      Defendant FalconX is a limited liability corporation organized under the laws of

6  Delaware and has its main offices located at 1850 Gateway Drive, No. 450, San Mateo, California

7  94404. *Id.* at ¶ 20.

8        **III.    CLAIMS**

9        a.      Lead Plaintiff alleges violations of Sections 5 and 12(a)(1) of the Securities Act, 15

10  U.S.C. §§ 77e, 77l(a)(1), against all Defendants. Compl., ¶ 128. Lead Plaintiff alleges that from

11  approximately March 24, 2020, through the present, Defendants sold or solicited the sale of SOL

12  tokens to Lead Plaintiff.  Lead Plaintiff alleges that SOL tokens are unregistered securities. *Id.* at

13  ¶ 132.

14        b.      Lead Plaintiff alleges violations of Section 15 of the Securities Act, 15 U.S.C. §77o,

15  against Defendants Samani and Yakovenko. Compl., ¶ 139. Lead Plaintiff alleges that Samani and

16  Yakovenko had power and influence and exercised the same to cause the unlawful offer and sale of

17  unregistered securities. *Id.* at ¶ 140.

18        c.      Lead Plaintiff alleges violations of California Corporations Code, sections, 25110

19  and 25503, against all Defendants, for the unlawful offer and sale of unregistered securities. Compl.,

20  ¶¶ 148-52.

21        **IV.    FACTS**

22  **Plaintiff's Position:**

23        The Complaint alleges that Defendants and other insiders promoted, offered, and sold

24  hundreds of millions of dollars' worth of SOL to the public yet neglected to register any SOL as

25  securities in violation of federal and California law. The Complaint alleges that Defendants are

26  therefore liable in their capacity as issuers, statutory sellers, and/or direct or indirect offerors of

27  SOL.

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Lead Plaintiff alleges that since it first offered SOL securities to the public in March 2020,

2  Labs and Foundation have continuously promoted the sale of unregistered SOL securities to the

3  public, soliciting Plaintiff and other retail investors to purchase those securities. Compl., ¶ 81. In

4  making such solicitations and offers, Labs and Foundation were motivated by their desire to serve

5  their own financial interests. *Id.* at ¶ 82. Indeed, as of May 2021, 48% of SOL securities were owned

6  by insiders such as Labs and its team, and an additional 13% of SOL securities were owned by

7  Foundation. *Id.* In addition, to increase demand for SOL securities, Labs and Foundation ensured

8  that SOL securities would be tradable on secondary markets, including the largest and best known

9  crypto-asset exchanges in the United States and the world. *Id.* at ¶ 83. For example, in mid-2021,

10 Solana announced that SOL securities would be tradeable on Coinbase, the largest crypto-asset

11 exchange based in the United States. *Id.* at ¶ 84. In addition, on its Twitter account, Labs and

12 Foundation made numerous offers and solicitations to purchase SOL securities, on various

13 exchanges, on its Twitter account. *Id.* at ¶ 85.

14     Defendant Samani, as noted, is co-founder and managing partner of Multicoin. Compl., ¶

15 86. Multicoin led Solana's $20 million Series A funding round in July 2019. *Id.* at ¶ 87. The Series

16 A investors received SOL tokens in exchange for their investment, not equity in Solana, Inc. *Id.*

17 Samani and Multicoin repeatedly promoted the sale of unregistered SOL securities, and Samani

18 himself explained that his efforts were integral in getting Labs through difficult times during the

19 first two quarters of 2020, "when Solana was both a) almost out of money b) irrelevant." *Id.* at ¶ 90.

20 Samani and Multicoin were "pretty intimately involved in every major turning point, every major

21 decision, every funding round that we had," Solana co-founder Raj Gokal said of the firm. *Id.* at ¶

22 89. Samani and Multicoin also owned ten figures worth of SOL securities and were thereby

23 motivated to encourage their sale to the public. *Id.* at ¶ 91. Like Defendants Labs and Foundation,

24 Lead Plaintiff alleges that Samani, through his personal Twitter account, aggressively promoted and

25 solicited others to purchase SOL securities. *Id.* at ¶ 95. Samani and Multicoin off-loaded millions

26 of dollars of unregistered SOL securities on retail investors and profited handsomely from their

27 promotion of unregistered SOL securities. *Id.* at ¶ 13. To offload the SOL securities, they used OTC

28

1  trading desks, such as Defendant FalconX, to act as a broker for the sale of substantial sums of SOL

2  securities. *Id.*

3  **Defendants' Position:**

4      Founded by Yakovenko and others in 2018, Labs helped develop the open-source software

5  for Solana, a high-performance permissionless blockchain with the capacity to process thousands of

6  transactions per second. Labs raised funding from, among others, Multicoin, a firm co-founded by

7  Samani.  The Solana blockchain uses a native token called "SOL." SOL first became available to

8  the public via a Dutch auction for non-US persons held in March 2020 on a crypto trading platform

9  called CoinList.

10      Lead Plaintiff filed the Complaint on July 1, 2022, bringing claims under Sections 5,

11  12(a)(1), and 15 of the Securities Act and under Sections 25110 and 25503 of the California

12  Corporations Code against Labs, Foundation, Yakovenko, Multicoin, Samani, and FalconX. Lead

13  Plaintiff alleges that SOL is an unregistered security that he purchased in August and September

14  2021 by exchanging other crypto tokens via a crypto "wallet" called Exodus. He does not allege that

15  he purchased SOL through the Dutch auction held in March 2020 or that he purchased SOL directly

16  from any Defendant. Lead Plaintiff alleges that Defendants are statutory sellers with respect to his

17  purchases of SOL, or were control persons, because Defendants made various statements on Twitter

18  about SOL and the Solana blockchain.

19      **V.      LEGAL ISSUES**

20      The principal legal issues which the parties currently dispute include (but are not limited to):

21      a.      Whether any Defendant can be held liable under the Securities Act or the California

22  Corporations Code for selling or offering to sell Lead Plaintiff the SOL tokens he purchased on the

23  secondary market;

24      b.      Whether Lead Plaintiff's purchase of SOL tokens on the secondary market is a

25  securities transaction subject to the Securities Act or the California Corporations Code; and

26      c.      Whether Yakovenko or Samani had control person authority and used such authority

27  to cause the unlawful offer and sale of SOL tokens to Lead Plaintiff.

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1    Defendants have not yet responded to the original complaint and expressly reserve all rights

2    and defenses, including, but not limited to, challenges to standing, personal jurisdiction and

3    timeliness of Lead Plaintiff's claims.

4    **VI.    RELIEF SOUGHT**

5    Lead Plaintiff and the Class seek rescissory damages against all Defendants for purchases of

6    SOL tokens. Lead Plaintiff also seeks injunctive relief, attorney's fees, and costs (including, but not

7    limited to, expert fees). The Parties will require expert analysis to determine recoverable damages,

8    if any, in the event Plaintiff establishes liability.

9    **VII.    DISCOVERY**

10    Because there is a discovery stay in this action under the PSLRA, the Parties believe it is

11    premature to discuss matters relating to discovery.

12    **VIII.   RELATED CASES**

13    There are no related cases currently pending against the Defendants in any United States

14    District Court.

15    **IX.    PROCEDURAL HISTORY**

16    On July 1, 2022, Lead Plaintiff filed the initial Complaint. Dkt. No. 1. At the time the

17    Complaint was filed, Lead Plaintiff was represented by counsel from Schneider Wallace and Roche

18    Freedman LLP, including Kyle Roche. *Id.*  On September 6, 2022, Lead Plaintiff filed his Motion

19    to be Appointed as Lead Plaintiff and for Appointment of Schneider Wallace as Class Counsel. Dkt.

20    No. 33. On that same date, Mohammed Rashid ("Rashid") filed a competing motion. Dkt. No. 29.

21    Upon the request of counsel for Lead Plaintiff, on September 14, 2023, the Court held a

22    status conference wherein the Court addressed the competing Lead Plaintiff motions. Dkt. No. 51.

23    Rashid failed to appear. Dkt. No. 52. Schneider Wallace represented that "the firm Freedman

24    Normand Friedland LLP will do no further work on this case," and Judge Donato directed Freedman

25    Normand Friedland to file a notice of withdrawal of representation of Lead Plaintiff, which they

26    subsequently did. *Id.* On November 13, 2023, the Court issued an order granting Mark Young's

27    Motion for Lead Plaintiff and Appointment of Lead Counsel. Dkt. No. 59. On November 27, 2023,

28

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1  the Court issued an Order Reassigning Case to the Honorable Rita F. Lin in the San Francisco

2  Division for all further proceedings. Dkt. No. 62.

3  **X.    DEADLINES**

4  In its Order re Lead Plaintiff and Lead Counsel, the Court set a deadline of January 12, 2024

5  for Lead Plaintiff to file its consolidated amended class action complaint. Dkt. No 59.

6  **XI.    MODIFICATION OF DEADLINES**

7  The Parties do not seek modification of deadlines currently; however, the Parties are working

8  together to propose a briefing schedule for Defendants' forthcoming Motion to Dismiss the

9  Amended Complaint.

10  **XII.   CONSENT TO MAGISTRATE**

11  The parties do not consent to assignment of this case to a magistrate judge for further

12  proceedings.

13  **XIII.   EMERGENCIES**

14  No emergencies currently exist which would necessitate an immediate need for a case

15  management conference to be scheduled in the action.

16

17  Dated: December 11, 2023    Respectfully submitted,

18

19  _/s/ Matthew S. Weiler_____
   Todd M. Schneider (SBN 158253)

20  Matthew S. Weiler (SBN 236052)
   Sunny S. Sarkis (SBN 258073)

21  **SCHNEIDER WALLACE**
   **COTTRELL KONECKY LLP**

22  2000 Powell Street, Suite 1400
   Emeryville, California 94608

23  Telephone: (415) 421-7100

24  Email: tschneider@schneiderwallace.com
   Email: mweiler@schneiderwallace.com

25  Email: ssarkis@schneiderwallace.com

26  Jason H. Kim (SBN 220279)

27  **SCHNEIDER WALLACE**
   **COTTRELL KONECKY LLP**

28  300 S. Grand Avenue, Suite 2700

7

1   Los Angeles, California 90071
Telephone: (415) 421-7100
2   Email: jkim@schneiderwallace.com

3   Srujana Shivji (*Pro Hac Vice*)
**SCHNEIDER WALLACE**
4   **COTTRELL KONECKY LLP**
3700 Buffalo Speedway, Suite 960
5   Houston, Texas 77098
Telephone: (713) 338-2560
6   Email: sshivji@schneiderwallace.com

7

8   Dated December 11, 2023         */s/ Matthew S. Rawlinson*
Matthew S. Rawlinson (SBN 231890)
9   **LATHAM & WATKINS LLP**
140 Scott Drive
10   Menlo Park, CA 94025
Telephone: (650) 328-4600
11   Email: matt.rawlinson@lw.com

12

Morgan E. Whitworth (SBN 304907)
13   **LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
14   San Francisco, CA 94111
Telephone: (415) 391-0600
15   Email: morgan.whitworth@lw.com

16

Susan E. Engel (*Pro Hac Vice*)
17   **LATHAM & WATKINS LLP**
555 Eleventh Street, N.W., Suite 1000
18   Washington, D.C. 20004-1304
Telephone: (202) 637-2200
19   Email: susan.engel@lw.com

20

*Attorneys for Defendant Solana Labs, Inc.*
21

22

23

Dated December 11, 2023         */s/ Scott M. Malzahn*
24   Brian E. Klein (SBN 258486)
Donald R. Pepperman (SBN 109809)
25   Scott M. Malzahn (SBN 229204)
Kevin M. Casey (SBN 338924)
26   **WAYMAKER LLP**
515 S. Flower Street, Suite 3500
27   Los Angeles, CA 90071

28

8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone (424) 652-7800
Email: bklein@waymakerlaw.com
Email: dpepperman@waymakerlaw.com
Email: smalzahn@waymakerlaw.com
Email: kcasey@waymakerlaw.com

*Attorneys for Multicoin Capital Management LLC
And Kyle Samani*

JOINT CASE MANAGEMENT CONFERENCE STATEMENT