**LATHAM & WATKINS LLP**
Matthew Rawlinson (CA Bar No. 231890)
  *matt.rawlinson@lw.com*
140 Scott Drive
Menlo Park, CA 94025
Telephone: +1.650.328.4600

Morgan E. Whitworth (CA Bar No. 304907)
  *morgan.whitworth@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: +1.415.391.0600

Susan E. Engel (*pro hac vice*)
  *susan.engel.@lw.com*
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200

*Attorneys for Defendant Solana Labs, Inc.*

*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARK YOUNG, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOLANA LABS, INC.; THE SOLANA FOUNDATION; ANATOLY YAKOVENKO; MULTICOIN CAPITAL MANAGEMENT LLC; KYLE SAMANI, ,<br><br>Defendants. | Case No. 3:22-cv-03912-RFL<br><br>**DEFENDANT SOLANA LABS, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF ITS MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>Date:  August 6, 2024<br>Time:  10:00 a.m.<br>Court: Courtroom 15 – 18th Floor<br>Judge: Hon. Rita F. Lin |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 6, 2024 at 10:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 15, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Solana Labs, Inc., through its undersigned counsel, will, and hereby does, respectfully request that in connection with its Motion to Dismiss the Consolidated Amended Class Action Complaint, the Court consider the documents attached as Exhibits 1-5 to the accompanying Declaration of Morgan E. Whitworth in Support of Solana's Motion to Dismiss Consolidated Amended Class Action Complaint, filed concurrently herewith.  The documents are properly considered by the Court on Solana's Motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or incorporated by reference into the Consolidated Amended Class Action Complaint.

Dated: April 11, 2024                              Respectfully submitted,

                                                   LATHAM & WATKINS LLP

                                                   By  */s/ Susan E. Engel*
                                                       Susan E. Engel (*pro hac vice*)
                                                         susan.engel.@lw.com
                                                       555 Eleventh Street, N.W., Suite 1000
                                                       Washington, D.C. 20004-1304
                                                       Telephone: +1.202.637.2200

                                                       Matthew Rawlinson (CA Bar No. 231890)
                                                        matt.rawlinson@lw.com
                                                       140 Scott Drive
                                                       Menlo Park, CA 94025
                                                       Telephone: +1.650.328.4600

                                                       Morgan E. Whitworth (CA Bar No. 304907)
                                                       morgan.whitworth@lw.com
                                                       505 Montgomery Street, Suite 2000
                                                       San Francisco, California 94111
                                                       Telephone: +1.415.391.0600

                                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

                                                       DAVID MCGILL (*pro hac vice pending*)

*dmcgill@orrick.com*
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Telephone:     +1 202 339 8666

SACHI SCHURICHT (SBN 317845)
sschuricht@orrick.com
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:     +1 415 773 5700

*Attorneys for Defendant Solana Labs, Inc.*

## MEMORANDUM OF POINTS & AUTHORITIES

Defendant Solana Labs, Inc. ("Labs") respectfully requests that the Court take judicial notice of, and/or consider as incorporated by reference, the following documents in support of Solana's Motion to Dismiss Consolidated Amended Class Action Complaint ("Motion"), as described below and attached to the concurrently filed Declaration of Morgan E. Whitworth ("Whitworth Declaration"):[1]

**Exhibit 1:** A document entitled, "Solana Labs Completes a $314.15M Private Token Sale Led by Andreessen Horowitz and Polychain Capital," dated June 9, 2021 and publicly available at https://solana.com/news/solana-labs-completes-a-314-15m-private-token-sale-led-by-andreessen-horowitz-and-polychain-capital);

**Exhibit 2:** A document entitled, "Solana FAQs," which describes Solana's March 2020 Dutch Auction and is publicly available at https://coinlist.co/solana/faq;

**Exhibit 3**: A print out of the first page of the @Solana account on X (f/k/a Twitter) as of April 8, 2024, which is publicly available at https://twitter.com/solana?lang=en;

**Exhibit 4**: Exodus Movement, Inc.'s Form 253g2, which was filed with the Securities and Exchange Commission on April 9, 2021 and is publicly available at www.sec.gov; and

**Exhibit 5**: A print out of a webpage containing a chart showing trading data for the SOL token from CoinMarketCap, which is publicly available at https://coinmarketcap.com/currencies/solana/.

These documents are properly considered on Solana's Motion because (1) Exhibits 1, 3, and 5 are incorporated by reference into the Consolidated Amended Class Action Complaint ("Complaint") and (2) Exhibits 1-5 are subject to judicial notice under Federal Rule of Evidence 201.

## I.    LEGAL STANDARD

In ruling on a motion to dismiss, the Court may look beyond the four corners of the complaint and consider documents incorporated into the complaint by reference as well as matters properly

---

[1] All Exhibit ("Ex.") references herein are to the exhibits attached to the Whitworth Declaration.

1  subject to judicial notice.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

Incorporation by Reference:  The incorporation-by-reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  A document is incorporated by reference in a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claims." *Id.* (citations omitted).  The doctrine "applies with equal force to internet pages as it does to printed material." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Judicial Notice:  The Court may take judicial notice of, and properly consider for purposes of a motion to dismiss, information "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

## II.  EXHIBITS 1, 3 AND 5 ARE INCORPORATED BY REFERENCE

**Exhibit 1** is an article entitled, *Solana Labs Completes a $314.15M Private Token Sale,* **Exhibit 3** is a print out of the first page of the @Solana account on X (f/k/a Twitter) as of April 8, 2024, and **Exhibit 5** contains trading data for the SOL token from a website called CoinMarketCap.  All of these documents are "refer[red] to" in the Complaint.  *See* Compl. ¶¶ 54-55 (describing the token sale announced in Exhibit 1); ¶ 86 (quoting numerous tweets by the @Solana X account); ¶¶ 76-77 (referencing SOL trading data from CoinMarketCap); *Khoja*, 899 F.3d at 1002.  They should be admitted in full because "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation and quotation marks omitted); *see also In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 2020 WL 7664461, at *4 (N.D. Cal. Dec. 24, 2020) (holding that entire website was incorporated by reference).

## III.  EXHIBITS 1 THROUGH 5 ARE SUBJECT TO JUDICIAL NOTICE

Each of **Exhibits 1 through 5** are judicially noticeable because they are publicly available documents that are "not subject to reasonable dispute" and "can be accurately and readily

1  determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).
2  Labs seeks only judicial notice of "the existence and contents" of these documents, not "the truth
3  of the matters asserted therein." *Coffee v. Google, LLC*, 20-cv-03901-BLF, 2021 WL 493387, at
4  *3-4 (N.D. Cal. Feb. 10, 2021).

### A. Exhibits 1-3 and 5 Are Judicially Noticeable Websites

Exhibit 1 is from Labs' website at https://solana.com. Exhibit 2 is a page describing the Solana Dutch Auction from Coinlist's website at https://coinlist.co/solana/faq. Exhibit 3 is Labs' X feed (f/k/a Twitter feed). Exhibit 5 reflects trading data for the SOL token that was taken from the public website https://coinmarketcap.com/currencies/solana, which Plaintiff relies on in the Amended Complaint. AC ¶¶ 76-77. Courts routinely take judicial notice of similar publicly available documents. *See, e.g.*, *In re Google Assistant Priv. Litig.*, 546 F. Supp.3d 945, 956-57 (N.D. Cal. Jul. 1, 2021) (noticing relevant webpages as matters of public record); *In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 3d 1017, 1026 (N.D. Cal. Mar. 11, 2021) (similar).

### B. Exhibits 4 Is A Judicially Noticeable SEC Filing

Exhibit 4 is a document filed by Exodus Movement, Inc. ("Exodus) with the Securities and Exchange Commission. Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities cases. *See Boston Ret. Sys. v. Uber Techs.,* Inc., 2020 WL 4569846, at *2-3 (N.D. Cal. Aug. 7, 2020) (taking judicial notice of SEC filings and press releases); *Dreiling Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (listing "SEC filings" as example of "matter[s] subject to judicial notice"). Exhibit 4 was publicly filed with the SEC and is publicly available on the SEC's website at www.sec.gov/edgar. It is not subject to reasonable dispute, and it is capable of accurate and ready determination. Accordingly, the Court may take judicial notice of Exhibit 4 to show that Exodus "made the statements contained therein." *Russian Hill Capital, LP v. Energy Corp. of Am.*, 2016 WL 1029541, at *3 (N.D. Cal. Mar. 15, 2016) (taking judicial notice of SEC filings).

## IV. CONCLUSION

For the foregoing reasons, Labs respectfully requests that the Court consider Exhibits 1 through 5 attached to the Whitworth Declaration submitted in connection with Labs' Motion.

Dated: April 11, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By  /s/ Susan E. Engel
   Susan E. Engel (*pro hac vice*)
    susan.engel.@lw.com
   555 Eleventh Street, N.W., Suite 1000
   Washington, D.C. 20004-1304
   Telephone: +1.202.637.2200

   Matthew Rawlinson (CA Bar No. 231890)
    matt.rawlinson@lw.com
   140 Scott Drive
   Menlo Park, CA 94025
   Telephone: +1.650.328.4600

   Morgan E. Whitworth (CA Bar No. 304907)
    morgan.whitworth@lw.com
   505 Montgomery Street, Suite 2000
   San Francisco, California 94111
   Telephone: +1.415.391.0600

ORRICK, HERRINGTON & SUTCLIFFE LLP

   DAVID MCGILL (*pro hac vice pending*)
    dmcgill@orrick.com
   2100 Pennsylvania Avenue NW
   Washington, D.C. 20037
   Telephone:   +1 202 339 8666

   SACHI SCHURICHT (SBN 317845)
    sschuricht@orrick.com
   The Orrick Building
   405 Howard Street
   San Francisco, CA 94105-2669
   Telephone:   +1 415 773 5700

*Attorneys for Defendant Solana Labs, Inc.*